IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02555-RPM

STACEY LOOS,

      Plaintiff,

vs.

BRINK'S HOME SECURITY, INC., a division of THE BRINKS COMPANY, a Foreign
Corporation doing business in Colorado,

      Defendant.

---

## CORRECTED STIPULATED PROTECTIVE ORDER

Pursuant to Fed R. Civ. P. 26(c), D.C.COLO.L.Civ.R. 7.2 and D.C.COLO.L.Civ.R.
7.3, the parties have stipulated and agreed that a protective order should be entered in this case.
Based on the stipulation of the parties, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      This protective order shall govern the designation, disclosure, and use of
confidential information and documents containing confidential information in this action.

2.      This protective order shall protect discoverable information and documents
relating to the business and financial affairs of the parties, including proprietary, trade secret, all
medical records of Stacey Loos and police and district attorney related to the investigation of the
incident, and other confidential information, from unauthorized and improper disclosure and use.

1

3. All designated confidential information, as that term is defined and used herein, shall be used solely for mediation, trial preparation and trial, and any appeal of this action, and shall not be used or disclosed for any other purpose whatsoever, including but not limited to any business, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided herein.

4. Neither party shall disclose the other party's confidential information, as that term is defined and used herein, to any third persons other than in accordance with the terms and conditions of this protective order.

5. The term "Confidential Information," as used in this protective order, shall mean information and documents designated as confidential by a party pursuant to the protective order.

6. A party may designate as Confidential Information any information or thing that said party believes in good faith constitutes or embodies information used by it in or pertaining to its business, including, without limitation, information that (A) is of a private or proprietary nature, and (B) is not generally known or which the designating party would not normally reveal to third parties and would cause third parties to maintain in confidence if such Confidential Information were revealed to them.

7. Prior to the production of any documents that any party deems to contain Confidential Information, said party shall endorse the legend "Confidential" on such documents. Other tangible forms of evidence containing Confidential Information, including DVDs and CDs, may also be marked or labeled "Confidential."

8. Confidential Information may only be disclosed to the following individuals:

      a.     To the Court, appellate courts, court personnel, and the jury, if any, impaneled in this action;

      b.     To court reporters and videographers while in the performance of their official duties at depositions in this action;

      c.     To parties, which are defined to include current or former directors, officers, or employees of a party who are needed by a party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

      d.     To attorneys employed or retained by the receiving party, and the support staffs of those attorneys (including legal assistants, secretaries, and file clerks) assisting with the preparation of trial of this action;

      e.     Any person not employed by a party who is expressly retained by an attorney to assist in trial preparation and trial, including expert witnesses and consultants;

      f.     Any person involve as a professional mediator in the case; and

      g.     Any person whose testimony is taken or to be taken in this action, except that such person may only be shown copies of confidential material during his or her testimony and in preparation therefore.

      9.     Each person (with the exception of the Court, court personnel, and outside counsel) to whom disclosure of Confidential Information is made pursuant to paragraph 8 above shall be advised of, and become subject to, the provisions of this protective order by executing a copy of the "Agreement to Comply with Protective Order," an exemplar of which is attached hereto as Exhibit "A." Where practicable, the foregoing shall occur prior to the disclosure of Confidential Information. At the conclusion of this action, either by dismissal or by entry of a

final non-appealable judgment, each party shall disclose to the other party the names of all persons and entities to whom Confidential Information has been disclosed along with the original acknowledgment signed by such persons and/or entities.

10. Consistent with D.C.COLO.L.Civ.R. 7.3, any document, image, or thing incorporating Confidential Information that is filed or lodged with the Court shall be marked on the first page, sealed, and delivered to the Clerk of the Court, and shall not be available for public inspection. The envelope used to seal such information or document shall carry an appropriate notation or logo substantially similar to:

**CONFIDENTIAL**

The contents of this envelope are subject
to a PROTECTIVE ORDER issued by the COURT
and may not be opened, examined or copied
except in compliance with that Order.

United States District Court
District of Colorado
*Stacey Loos v. Brink's Home Security*
U.S.D.C., District of Colorado, Civil Action No. 06-cv-02555-RPM

The clerk shall maintain such information or document under seal, except that any judge or magistrate exercising responsibility in this action, and their law clerks, administrative, secretarial, and clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this action.

11. With respect to protecting Confidential Information at depositions (and pre-trial court hearings or proceedings), the parties shall proceed as follows:

4

a. Any party may use Confidential Information at a deposition; however, only persons (other than the witness) authorized to receive such Confidential Information may attend the portions of the deposition pertaining to such information.

b. Any party may designate testimony at a deposition as Confidential Information during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive the Confidential Information shall be excluded from the deposition until testimony regarding those matters has concluded. In addition to the foregoing, any party shall have thirty (30) days following receipt of a deposition transcript to designate in writing, the transcript or any portion thereof, as Confidential Information. The entire transcript, including exhibits, shall be treated as Confidential Information until the expiration of this thirty-day period.

c. The designating party shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Confidential Information separately, and to label the cover of the complete transcript with an appropriate notice, such as the following:

PROTECTED INFORMATION OF [insert name of party].
Disclosure subject to Court ordered Protective Order in

*Stacey Loos v. Brink's Home Security*
U.S.D.C., District of Colorado,
Civil Action No. 06-cv-02555-RPM

5

  d. The restrictions of this paragraph also apply to videotaped depositions, and the video cassettes, DVDs, or other video formats, each of which shall be labeled in accordance with the provisions of this paragraph.

  e. Unless otherwise ordered by the Court, the same procedures and protections shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings. In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

12. The substance or contents of any Confidential Information, as well as any notes, abstracts, copies, summaries, and memoranda relating thereto, shall not be disclosed to or accessible by anyone other than a person permitted to obtain Confidential Information pursuant to this protective order.

13. It shall be the duty and responsibility of counsel of record to ensure that documents or things containing Confidential Information subject to counsel's control are at all times kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review Confidential Information under this protective order.

14. Nothing in this protective order shall limit or obligate a party with respect to disclosure of its own information and documents.

15. Disclosure by the producing party of Confidential Information without the proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any

party's claim to confidentiality, either as to the specific Confidential Information disclosed or as to any other information relating to the subject matter of the Confidential Information disclosed. Upon learning of the disclosure of Confidential Information without proper designation, the party seeking to protect the Confidential Information shall properly designate or re-designate such Confidential Information. No party, however, shall be deemed to be in breach of this protective order by reason of any use or disclosure of such Confidential Information inconsistent with such later designation (or re-designation) that occurred prior to notification of such later designation or (re-designation).

16. Upon final determination of this action, including all appeals, all Materials, Confidential Information and all copies thereof, and all documents reflecting the same, shall be returned within sixty (60) days thereafter by the receiving party to the producing person, except that counsel of record shall be permitted to retain copies.

17. If a party objects to any designation of Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the designating party may seek appropriate relief from the Court. The parties shall respect the original designation during the pendency of such dispute.

18. Should any party, or person qualified to obtain Confidential Information hereunder, or their agents or representatives, receive any request for information, whether through formal compulsory process or lawful authority of a court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for the other party hereto in order to allow said party to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.

19. Upon final termination of this action, whether by settlement, dismissal, or other disposition, the provisions of this protective order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of the order.

20. Either party may seek additional protection or disclosure with respect to protected information as that party may consider appropriate. If necessary, the parties may enter into a separate order that will govern the use of Confidential Information at the trial of this matter.

21. Nothing in this protective order shall operate as a waiver of a party's right to object to answering any interrogatory or deposition questions propounded, to object to the production of any documents requested, or to seek the issuance of a further protective order, which objection or motion may be based on any legal grounds including, but not limited to, grounds of undue burden, unnecessary invasion of privacy, threatened exposure of trade secret information needing greater protection than this protective order provides, expense, relevancy, work product or attorney-client privilege.

22. Either party may seek to modify this protective order upon a showing of good cause.

SO ORDERED:

DATED: May 31, 2007

Richard P. Matsch
United States Senior District Judge

STIPULATED AND AGREED TO BY:

*Original signature on file at the offices of Holland & Hart, LLP*

DATED: May 10, 2007

s/ *Amy Cook-Olson, Esq.*
Amy Cook-Olson, Esq.
Montgomery Little Soran & Murray, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
**ATTORNEY FOR PLAINTIFF STACEY LOOS**

*Original signature on file at the offices of Holland & Hart, LLP*

DATED: May 10, 2007

s/ *Musu V. Brooks, Esq.*
Michael J. Carrigan, #24061
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
E-Mail: MCarrigan@hollandhart.com

Musu V. Brooks, #34978
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: 303-290-1600
Fax: 303-290-1606
E-Mail: mvbrooks@hollandhart.com
**ATTORNEY FOR DEFENDANT BRINK'S HOME SECURITY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02555-RPM

STACEY LOOS,

    Plaintiff,

vs.

BRINK'S HOME SECURITY, INC., a division of THE BRINK'S COMPANY, a Foreign Corporation doing business in Colorado,

    Defendant.

## CORRECTED STIPULATED PROTECTIVE ORDER

    I, _____, declare, agree, and undertake as follows:

1.    My address is _____.

2.    I have received a copy of the CORRECTED STIPULATED PROTECTIVE ORDER signed by the Court on _____, 2007.

3.    I have carefully read and understand the provisions of the CORRECTED STIPULATED PROTECTIVE ORDER.

4.    I understand that the CORRECTED STIPULATED PROTECTIVE ORDER is binding upon me and I will comply with all of the provisions thereof.

**EXHIBIT "A"**

5. I will hold in confidence, will not disclose to anyone not qualified under the CORRECTED STIPULATED PROTECTIVE ORDER, and will use only for purposes of this action the Procedures Manual which is disclosed to me.

6. I will return documents or things which I have prepared relating thereto, to counsel for the Party by whom I am employed or retained.

7. I hereby submit to the jurisdiction of the Court for the purposes of enforcement of the CORRECTED STIPULATED PROTECTIVE ORDER in this action.

8. I understand that this Agreement will be kept by the counsel that obtained my signature and may be produced upon order of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____ 2007.

_____

3707374_1.DOC